WEARE v. CHASE.

58  225
69  644

In assumpsit on a joint note, signed by the defendant and two others, evidence that the defendant told the payee that if he would reckon the note he would pay his share of it; that he would like to have it off his mind; that he would pay it to get rid of the perplexity of it; also that the payee did reckon the note, but did not present it,—is competent to show a mere promise to pay one third of the note.

ASSUMPSIT, on the joint promissory note of the defendant John W. Chase, Cyrus E. Wood, and Moses F. Currier, for $551.84, dated July 6, 1861, and given to the plaintiffs for a part of their ministerial fund. The writ was dated August 14, 1876. Wood was defaulted, and the suit was discontinued as to Currier. Chase defended, and pleaded the statute of limitations. The evidence tended to prove that Wood was the agent of the town to manage the fund, and held the note, and that in 1873, having the note in his possession, he met Chase, and Chase told him that if he would reckon the note he would pay his share of it; that he would like to have it off his mind, and would pay it to get rid of the perplexity of it. Wood reckoned the note, but did not present it to Chase. The court ordered a nonsuit, and the plaintiffs excepted.

*Cross & Burnham*, for the plaintiffs.

*Briggs & Huse*, for the defendant.

BINGHAM, J. If the evidence contained a direct, unqualified admission of a previous subsisting debt, which the defendant was liable and willing to pay, it ought to have been submitted to the jury as tending to prove a new promise; if it did not, the nonsuit was properly ordered. *Russell* v. *Copp*, 5 N. H. 154; *Ventris* v. *Shaw*, 14 N. H. 422.

It is said by the defendant, that the evidence was of an offer to pay a part of the debt upon a condition in full discharge of the whole, which was not accepted or executed. If this is correct, the evidence was incompetent, and there was no error. *Atwood* v. *Coburn*, 4 N. H. 315; *Batchelder* v. *Batchelder*, 48 N. H. 23. We do not give the evidence this interpretation. The note was the joint debt of the three, and each equitably, as between themselves, should pay one third. The defendant Chase, considering it so, calls upon the agent of the town to reckon the note, so that he can pay his share. He makes no question as to his liability or ability to pay his share; he seems anxious to do it, and have it off his mind. It was a direct, unqualified admission of a previous subsisting debt, to the extent of one third of the amount due on the note, which he was liable and willing to

pay. Yet he was originally liable to pay the entire note, and an unaccepted offer to pay a part of it in full settlement of the whole would not take it out of the statute, even to the extent of the sum offered. The offer, then, of the defendant to pay his share must have been accepted by the plaintiffs, and we think that the evidence reported had some tendency to prove that fact, and should have been submitted to the jury. *Webber* v. *College*, 23 Pick. 302.

The evidence did not tend to show an acknowledgment of more than one third of the note. As to the other two thirds, there was no evidence of a new promise.

*Nonsuit set aside.*

STANLEY, J., did not sit.